## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| STEPHEN MATERA, <br><br>                         Plaintiff, <br><br> v. <br><br> MATRIX RESOURCES, INC., and DOES 1-5, <br><br>                    Defendants. | **DEMAND FOR JURY TRIAL** <br><br> CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Stephen Matera ("Matera"), by and through his undersigned attorneys, states his claims against Defendant Matrix Resources, Inc. ("Matrix") and Defendant Does 1-5 (sometimes collectively, the "Defendants"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Matera is an individual who resides in the state of Washington.

2.      Defendant Matrix is incorporated under Georgia law, and maintains its principal place of business at 1000 Abernathy Rd, Suite 500, Atlanta, GA, 30328.   On information and belief as informed by online records furnished by the

State of Georgia Corporations Section, Defendant Matrix's agent CT Corporation System may be served legal process at 1201 Peachtree Street, NE, Fulton, Atlanta, GA, 30361.

3.     On information and belief, one or more of Does 1-5, in an official capacity, are an individual member of, agent, affiliate, officer, director, manager, principal, partner, joint venturer, joint actor, alter ego, hired contractor, content manager and/or employee of Defendant Matrix.  Plaintiff does not know the true names of Defendant Does 1 through 5, inclusive, and therefore sues them by those fictitious names.  When Plaintiff learns the true names and capacities of Does 1 through 5, Plaintiff will seek leave of Court to amend this Complaint by inserting same herein and having service upon these Defendants.  Plaintiff is informed and believes and, on the basis of that information and belief, alleges that each of those Does 1 through 5 was in some manner liable for Plaintiff's claims and proximately caused Plaintiff's damages complained of here.

4.     This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

5.     This Court has personal jurisdiction over Defendant Matrix by virtue of its presence, principal place of business, and transacting, doing, and soliciting business, in this District.

6.     Venue is proper under 28 U.S.C. §§ 1391 (b)(2), (c)(1-2), and (d), and 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

7.     Plaintiff Matera is a professional photographer with over 15 years of experience.  Although based in Seattle, Washington, Plaintiff Matera travels all over the western United States and foreign countries to capture images for his clients and professional portfolio.  He works with many of the best known brands in the outdoor industry and outdoor magazines.

8.     Plaintiff operates his business to promote his creative endeavors, and Plaintiff's livelihood is based on his ability to receive revenue as a result of his creative endeavors.  Plaintiff creates images for leading outdoor manufacturers and publishers.  Over his career Matera has developed his vision as a natural landscape photographer, and now applies that creative vision to active outdoor and lifestyle images.

9.     Plaintiff provides professional photography services via his photography business, and may be contacted via information provided at his

3

website ("Matera Website") located at the Uniform Resource Locator ("URL"): http://www.materaphoto.com.

10.    Plaintiff is the author and exclusive owner of all copyright rights in and to the original photograph of an athlete model running on a path through Gas Works Park, Seattle, having an image ID of "drn14-159" (referred to herein as the "Photograph").

11.    Access is provided to the Photograph via the Matera Website at:

http://www.materaphoto.com/running/hjl9eeldpu6lmc6xfd6jeb579nmwzy

12.    The Photograph is not the result of a random trip to the park; instead, Matera specifically selected the location and the model in order to obtain a creative work useful for his portfolio, and for potential later publication.  In addition to handling various settings selections on his camera, Matera directed the model, including where and how to run on the path.

13.    A true copy of the Photograph is depicted in Exhibit 1 attached hereto. The Photograph is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of the machine or a device.  The Photograph in perspective, orientation, positioning, lighting and other details is

4

entirely original, distinctive, and unique.  As such, the Photograph is subject matter

protectable under the Copyright Act.

14.    Copyright in the Photograph is and has been for all times relevant to

this Complaint registered with the U.S. Copyright Office. The Photograph is the

subject of Certificate of Registration No. VAu 1-131-611("<u>Registration</u>"), issued

with an effective date of February 26, 2013.

15.    A true copy of the Registration is attached hereto in <u>Exhibit 2</u>.

16.    Unbeknownst to Plaintiff until just recently, the Photograph is also

used on the internet website having the URL: http://matrixres.com (the Matrix

"<u>Second Website</u>").

17.    The Website, Social Media, and Second Website are sometimes

referred to collectively herein as the "<u>Websites</u>".

18.    Defendant Matrix is identified on the Second Website as its owner

and/or operator.[1]

19.    Defendant Matrix is identified on the Social Media site as its owner

and/or operator, or is the responsible end-user of the account related to the Social

Media site.[2]

---

[1] *See* http://www.matrixres.com/footer-pages/terms/; *see also* https://who.is/whois/matrixresources.com and https://who.is/whois/matrixres.com

[2] *See* https://www.facebook.com/MATRIXResources/info/?tab=overview

20.     Defendants used the Photograph on the Websites without Matera's authorization.

21.     On information and belief, the Defendants' unauthorized use of the Photograph commenced after the February 26, 2013 effective date of its registration with the U.S. Copyright Office.

22.     Prior to creating the Social Media site, and indeed in order to use web-based services ("Services") provided by Facebook, Inc. ("Facebook"), Defendant Matrix agreed to various terms (the "Facebook Terms").  With respect to its Social Media, Defendant Matrix agreed to the following:[3]

> "This Statement of Rights and Responsibilities ("Statement," "Terms," or "SRR") derives from the Facebook Principles, and is our terms of service that governs our relationship with users and others who interact with Facebook, as well as Facebook brands, products and services, which we call the "Facebook Services" or "Services". By using or accessing the Facebook Services, you agree to this Statement, as updated from time to time in accordance with Section 13 below."

23.     Before Defendant Matrix could use the Photograph on the Social Media site, it was required to (*i.e.*, must) provide a license to Facebook for the Photograph with the following terms and conditions:[4]

> "[Defendant Matrix grants Faceebook] a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content that you post on or in connection with Facebook (IP License)."

---

[3] https://www.facebook.com/terms.php
[4] https://www.facebook.com/terms.php ("2. Sharing Your Content and Information")

"When you publish content or information using the Public setting, it means that you are allowing everyone, including people off of Facebook, to access and use that information, and to associate it with you (*i.e.*, your [User] name and profile picture)."

24.     On information and belief, Defendant Matrix's Social Media site is publicly available.  That is, a viewer/user does not have to be logged in to Facebook to access the Photograph.

25.     Pursuant to the Copyright Act, the term "copyright management information" ("CMI") includes, among other forms of information: (1) the title and other information identifying the work, including the information set forth in a notice of copyright; (2) the name of, and other identifying information about, the author of a work, (3) the name of, and other identifying information about, the copyright owner of a work, including the information set forth in a notice of copyright, and (6) terms and conditions for use of the work.  17 U.S.C. §§ 1202(c)(1)-(3), (6).

26.     The Social Media site is associated with a username 'MATRIXRerouces' ("Matrix Username").  The Matrix Username is used in connection with the license granted (albeit an ineffective one) and its accompanying terms and conditions provided to Facebook.

27.    In addition, Defendant Matrix embedded the digital watermark 'MATRIX' ("Matrix Watermark") on the Photograph, as it was used on the Social Media site.  *See* <u>Composite Exhibit 3</u> (Screenshot 3).

28.    On information and belief, for various reasons Defendant Matrix does not qualify for any "safe harbor" protection under 17 U.S.C. §512 with respect to its use of the Photograph; however, Defendant Matrix does designate an agent on one or more of the Websites for receiving copyright infringement notifications, including:

> In accordance with the Digital Millennium Copyright Act ("DMCA"), Pub. L. 105-304, MATRIX has designated the following individual to receive notification of alleged copyright infringement on the web site:[5]
>
> Russ Danford
> MATRIX Resources, Inc.
> 1000 Abernathy Road, Suite 500
> Atlanta, Georgia 30326
> Tel: 800-627-3533 Fax: 770-668-0384

29.    On or about December 17, 2015, Plaintiff, through counsel, sent a cease and desist letter (the "1st Notice") by way of email, as well as by and US Mail and FAX to the agent contact information indicated above, to Defendant

---

[5] See http://www.matrixres.com/footer-pages/terms/ ("Copyright Infringement")

Matrix giving notice that its reproduction, public display and other use of the Photograph was unauthorized, and sought compensation for alleged infringement.

30.    The 1ˢᵗ Notice specifically stated,

> "it is hereby requested that [Matrix]…**Cease and desist from all unlicensed use of the Image**, including removal of the Image from the domains and/or social media website(s); deletion of all digital copies of the Image from company computers, host server(s), and digital storage devices; and destruction of any hard copies of the Image maintained in company files or elsewhere."

31.    Because no response was ever received, and given the fact the Defendants continued various use of the Photograph, on or about February 15, 2016, Plaintiff, through counsel, sent Defendant Matrix a second notice ("2nd Notice") reiterating its reproduction, display, etc. of the Photograph on the Website and/or Social Media was unauthorized.

32.    The 2nd Notice specifically stated in part,

> "it is hereby requested that [Matrix]….As yet applicable, **cease and desist from all unlicensed use of the image(s)** at issue…

33.    The 2nd Notice further cautioned:

> "Failure to respond and acknowledge a legal obligation may contribute to a finding of willfulness.   In the present instance, [Defendant Matrix] has failed to respond and acknowledge any provisions made in the [1st Notice]."

9

34.     Again, as no response was ever received, and given the fact the Defendants continued various use of the Photograph, on or about March 27, 2016, Plaintiff, through counsel, sent Defendant Matrix a third notice ("3rd Notice") reiterating its reproduction, display, etc. of the Photograph on the Website and/or Social Media was unauthorized.  The 3rd Notice repeated the request to immediately cease use of the Photograph, and again cautioned against failure to respond.

35.     Currently the Defendants, despite constructive and/or actual knowledge as to Plaintiff's copyright in the Photograph, continue to reproduce and display original constituent elements of the Photograph on one or more of the Websites, including by way of example at URL(s):

https://www.facebook.com/MATRIXResources/photos/pb.55537678535.-2207520000.1449042373./10153489739263536/?type=3&theater; and

http://www.matrixres.com/resources/blogs/2015-07/a-scrum-master-s-healthy-journey/

(*see* Composite Exhibit 3, Screenshots 4-5 [timestamped screenshot of 6/2/2016]):[6]

36.     Plaintiff Matera was unsuccessful in his reasonable pre-litigation settlement attempts to resolve this matter, let alone to compel Defendants to cease use, thereby necessitating this lawsuit.

---

[6] Corroborated by use of multiple browsers on multiple computers; some material grayed out

37.     Matera thus brings the instant action to recover his damages, costs and a reasonable attorney's fee, as further set forth below.

## FIRST CAUSE OF ACTION – ALL DEFENDANTS

### Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

38.     Matera repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

39.     By a volitional act of uploading, posting, etc., and without Matera's authorization or consent, the Defendants reproduced (including in digital code), distributed, publicly displayed, transmitted and otherwise used the Photograph on the Websites, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

40.     On information and belief, the Defendants knew, or should have known, that it/they does not possess any rights to use the Photograph on the Websites, or otherwise.

41.     As a direct and proximate result of Defendants' copyright infringement, Matera has suffered, and continues to suffer, injuries and damages, and is entitled to his actual damages and Defendants' additional profits, direct or indirect, attributable to Defendants' infringement of the Photograph, pursuant to 17

U.S.C. § 504(b), or if and as Matera opts in his sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or up to $150,000 per work infringed willfully, pursuant to 17 U.S.C. §504(c).

42.    Matera further is entitled to recover a reasonable attorney's fee and his full costs pursuant to 17 U.S.C. § 505.

43.    On information and belief, the foregoing acts of infringement by Defendants are willful, intentional, purposeful, and performed with knowledge, or should have known, that the reproduction, public display and use of the Photographs is and was unauthorized.  Conduct is willful if a defendant knows its conduct constituted an infringement of copyright or if they acted in reckless disregard of such rights.  Among other things, despite multiple notices and actual knowledge that its use was unauthorized, Defendants, without care or caution, continue to use the Photograph on one or more URL(s) indicated herein.

44.    Plaintiff therefore seeks recovery of enhanced statutory damages pursuant to 17 U.S.C. 504(c)(2).

## SECOND CAUSE OF ACTION – ALL DEFENDANTS

### Provision and Distribution of False CMI in violation of 17 U.S.C. § 1202(a)

45.     Matera repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

46.     On information and belief, with the intent to induce, enable, facilitate and/or conceal infringement, the Defendants positioned the Matrix Watermark on to the Photograph as used on the Social Media site, without Matera's authorization or consent, in violation of 17 U.S.C. § 1202(a).  The Matrix Watermark used in connection with the Photograph constitutes false CMI under 17 USC § 1202(c)(1)-(3).

47.     On information and belief, with the intent to induce, enable, facilitate and/or conceal its infringement, the Defendants conveyed terms and conditions via a license (albeit an ineffective license) in connection with the Photograph for use by Facebook with Facebook Services, in violation of 17 U.S.C. § 1202(a).  The terms and conditions used in connection with the Photograph constitutes false CMI under 17 USC § 1202(c)(6).

48.     Defendants knew, and had no reason to assume otherwise, that they were neither an author, nor a rights holder of any kind, with respect to the copyright associated with the Photograph.

13

49.     Defendants knew, or had every reason to know, that the only way to use the Photograph in an infringing manner on the Social Media site was for the Defendants to provide terms and conditions related to the use of the Photograph that were false.

50.     Such wrongful conduct damaged Matera in an amount to be determined at trial.

51.     As a direct and proximate result of Defendants' wrongful conduct, Matera has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

52.     Specifically, Matera is entitled to seek actual damages pursuant to 17 U.S.C. § 1203(c)(2).

53.     In the alternative, Matera is entitled seek statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5).

## PRAYER FOR RELIEF

WHEREFORE, Matera prays that this Honorable Court:

1.     On Count 1, issue an order that Defendants unauthorized conduct violates

Matera's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2.     On Count 1, order Defendants to account to Matera for all gains, profits, and

advantages derived from the infringement;

3.     On Count 1, order that Defendants are jointly and severally liable for the

direct infringement of Matera's copyrights in the Photograph.

4.     On Count 1, order Defendants to pay Matera all profits and damages in such

amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest

thereon at the highest legal rate) for the infringement;  alternatively,

maximum statutory damages in the amount of up to $30,000 for the

infringement pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as

may be proper pursuant to 17 U.S.C. § 504;

5.     On Count 1, award Matera maximum statutory damages in the amount of up

to $150,000 for Defendants willful infringement pursuant to 17 U.S.C. § 504

(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

6.      On Count 1, order Defendants, their agents, and their servants to be enjoined permanently from infringing the copyrights of Matera in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photograph;

7.      On Count 2, declaring Defendants liable for provision and distribution of false CMI concerning the Photograph in violation of 17 U.S.C. §1202(a);

8.      On Count 2, award Matera actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (a), pursuant to 17 U.S.C. § 1203(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

9.      On Count 2, award Matera maximum statutory damages in an amount up to $25,000 for each violation of 17 U.S.C. § 1202 (a), pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

10.     On Counts 1 and 2, order Defendants to pay Matera his costs of litigation and reasonable attorneys' fees in this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

11.     On all counts, order Defendants to deliver to Matera all copies of the Photograph and all other materials containing such infringing copies of the Photograph in their possession, custody or control; and

16

12.     On all Counts, order such other and further relief as this Honorable Court

        deems just and equitable.


**Matera demands a jury trial on all of the foregoing counts.**

This 23rd day of June, 2016.

                                Respectfully submitted,


                        By:   **s/ Tennell Lockett**
                                D. Tennell Lockett, Esq.
                                Georgia Bar No. 455547

                                Townsend & Lockett, LLC
                                1401 Peachtree Street, Suite 500
                                Atlanta, GA 30309
                                (404) 870-8506 (phone)
                                tennell.lockett@townsendlockett.com

                                Attorneys for Plaintiff Stephen Matera

17

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C</u>

Counsel for Plaintiff hereby certifies that this pleading was prepared in

Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

This 23rd day of June, 2016.

Respectfully submitted,

By:  **s/ Tennell Lockett**
D. Tennell Lockett, Esq.
Georgia Bar No. 455547

Townsend & Lockett, LLC
1401 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 870-8506 (phone)
tennell.lockett@townsendlockett.com

Attorneys for Plaintiff Stephen Matera

18